IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1241-S-BN |
| | § | |
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

*Pro se* plaintiff Jason Mendez sues Defendant Dallas County under Title II of the Americans with Disabilities Act ("ADA"). *See, e.g.*, Dkt. No. 8.

Mendez's lawsuit has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

And Mendez paid the filing fee and served the County, which now moves to dismiss this lawsuit for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is required because "Mendez's claim regarding alleged violations of the [ADA] is inextricably intertwined with an on-going state criminal prosecution," Dkt. No. 35.

The undersigned cannot agree that abstention is a basis to dismiss this lawsuit for lack of subject-matter jurisdiction. "Federal courts do not abstain … because they lack jurisdiction; rather, [ ] abstention 'reflects a court's prudential decision not to exercise [equity] jurisdiction which it in fact possesses.'" *Weekly v. Morrow*, 204 F.3d 613, 614-15 (5th Cir. 2000) (cleaned up); *see also New Orleans Pub. Serv., Inc. v. City*

*Council of New Orleans*, 491 U.S. 350, 359 (1989) (Federal courts possess "discretion in determining whether to grant certain types of relief – a discretion that was part of the common-law background against which the statutes conferring jurisdiction were enacted. Thus, there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is the normal thing to do. We have carefully defined, however, the areas in which such abstention is permissible, and it remains the exception, not the rule." (cleaned up)); *see, e.g.*, *Stinson v. McGinnis*, No. 3:23-cv-810-M-BN, 2024 WL 4152703 (N.D. Tex. Aug. 16, 2024), *rec. accepted*, 2024 WL 4151175 (N.D. Tex. Sept. 11, 2024) (denying dismissal under Rule 12(b)(1) based on *Colorado River* abstention).

But, "[j]ust as [federal courts] must ensure the existence of [their] subject-matter jurisdiction, [they] must also ensure that exercising it does not offend principles of 'Our Federalism.'" *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1090 (5th Cir. 2023) (cleaned up).

In this regard, under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings.

But *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (cleaned up).

As to *Younger*'s application to ongoing criminal prosecutions, this Court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Tex.*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *Younger*, 401 U.S. at 43-45; *cf. Burton v. Procter & Gamble Co.*, No. 3:17-cv-1190-B-BN, 2018 WL 1115138 (N.D. Tex. Jan. 30, 2018) (noting *Younger*'s application to ongoing state proceedings to determine competency), *rec. accepted*, 2018 WL 1115363 (N.D. Tex. Feb. 27, 2018).

The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. And those principles inspired the policy of preventing federal courts from issuing injunctions or declaratory judgments while state court proceedings were ongoing. *See Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up; citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *accord Hood*, 822 F.3d at 222-23; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume

that the state procedures will afford an adequate remedy."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425)).

And, faced with the choice under *Younger* of staying or dismissing without prejudice, it appears that, out of an abundance of caution, the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

But, insofar as a plaintiff may seek damages, "*Younger* is not applicable to claims for damages." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)); *accord Jones v. Prescott*, 702 F. App'x 205, 209 (5th Cir. 2017) (per curiam).

Nevertheless, "a court should stay proceedings in a [civil] case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing

*Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Mackey*, 47 F.3d at 746 ("At this point[– post-arrest but pre-conviction –]it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)].... [So, t]he court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Anderson v. Galveston Cnty. Dist. Clerk*, 91 F. App'x 925, 2004 WL 75452, at *1 (5th Cir. Jan. 14, 2004) (per curiam) ("Anderson's complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that Anderson's Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and Anderson has not shown that his conviction has been overturned or otherwise declared invalid." (citing *Heck*, 512 U.S. at 486-87)).

Considering this authority, the undersigned is inclined to recommend that the Court deny the County's Rule 12(b)(1) motion to dismiss, but Mendez is ORDERED to show cause in writing by **August 18, 2025** why this lawsuit should not be stayed. And, if Mendez files a response, the County may file a reply brief no later than **September 2, 2025**.

SO ORDERED.

DATED: July 17, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE